IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-CV-00552-MSK-KLM


UNITED STATES OF AMERICA,

     Plaintiff,

v.

WILLIAM ELSBERG,
SANDRA ELSBERG,
TIM ORTEGA, Trustee, San Juan Ventures,

     Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **The United States' Motion to (1) Re-Serve by Publication Defendant William Elsberg as to Counts Two and Three of the Complaint and Defendant Tim Ortega as to Count Two of the Complaint; and (2) to Serve by Substituted Service Defendant William Elsberg as to Counts One and Two of the Complaint, and Defendant Tim Ortega, as to Count Two of the Complaint** [Docket No. 71; Filed June 23, 2009] (the "Motion").   The Court has reviewed the Motion, the accompanying brief, the entire case file and applicable law and is sufficiently advised in the premises.   Accordingly, for the reasons set forth below, the Motion is **GRANTED in part**.

**I.   Background**

The United States of America (the "Plaintiff" or the "Government") commenced this action on March 18, 2008, to reduce to judgment certain tax liabilities assessed against

1

Defendants and to foreclose federal tax liens against Defendants and against real property in which Defendants have an interest. *Complaint* [#1] at 1. The real property that is the subject of this action is located at 24 Mineral Farms Lane, Ouray, Colorado 81427 (the "Ouray Property"). *Id.* at 2. The Government alleges that Defendants William and Sandra Elsberg (the "Elsberg Defendants") own the Ouray Property, while Defendant Tim Ortega, Trustee for San Juan Ventures, is a "mere nominee for William and Sandra Elsberg . . . ." *Id.* After unsuccessful efforts to serve Defendants, Plaintiff filed a Motion to Serve by Publication pursuant to Colo. R. Civ. P. 4(g). *Motion* [#9]. The Court granted the motion and granted Plaintiff leave to serve the Defendants by publication. *Order* [#11].

Pursuant to the Court's Order, Plaintiff served Defendants by publication in the *Rocky Mountain News* and *Denver Post* on June 12, 23, 30, July 7 and 14, 2008. *Affidavit* [#32-2]. Plaintiff also sent a copy of the summons and complaint to Defendants' last known addresses. *Declaration* [#37-2]. Defendants have not answered or otherwise pled to the complaint. On November 12, 2008, the Government filed a motion for default judgment against all Defendants. *Motion* [#46]. This Court issued a Recommendation that judgment be entered against Defendants on March 19, 2009. *Recommendation* [#57]. The Court also recommended that the order of foreclosure on the property be denied without prejudice because the Government had not provided sufficient briefing or information for the Court to rule pursuant to 26 U.S.C. § 7403. *Id.* at 15.

On June 10, 2009, the District Court Judge denied Plaintiff's Motion for Default Judgment [#46], declined the Recommendation [#57], denied the Government's Renewed Motion for Default Judgment as to the Order of Foreclosure and Judicial Sale [#58], and set aside the entry of default against Defendants [#45]. *Transcript* [#70] at 8. The District

Court Judge held that service on Defendants by publication was insufficient because there was no publication in Ouray County, Colorado, the situs of the real property at issue here. *Id.* at 7-8. The Court also noted that the appropriate method of service is based on whether a case is *in rem* or *in personam. Id.* at 9-10. The Government was granted one hundred extra days to effect service and permitted to request relief under Rule 4(f) and (g) of the Colorado Rules of Civil Procedure. *Id.* at 8. The Government now requests that relief.

## II. Analysis

This is an action to reduce to judgment federal tax assessments against Defendants William and Sandra Elsberg (count 1), to determine that Tim Ortega, Trustee, San Juan Ventures holds title to the real property located at 24 Mineral Farms Lane, Ouray, Colorado 81427 as a nominee/fraudulent transferee of William and Sandra Elsberg (count 2), and to foreclose related tax liens securing the Elsbergs' tax liabilities on that real property (count 3). Count 1 is an *in personam* action and Counts 2 and 3 are claims involving real property.[1]

Rule 4(e) of the Federal Rules of Civil Procedure applies to service of process upon individuals. That Rule states that an individual may be served pursuant to state law. Colorado law provides that when service of process by personal service cannot be accomplished, other means of service may be used by the serving party. *See* Colo. R. Civ. P. 4(f) and (g). For a substituted method of service to be valid, it must comport with due

---

[1] Although each count will be examined separately as it applies to each defendant, the Court is not aware of any authority allowing service of a complaint in a piecemeal fashion. In any event, the Court will approve an appropriate method of service of process based on the nature of the claim.

process by being calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 399 U.S. 306, 314 (1950).

Plaintiff requests that Defendants William Elsberg and Ortega be served by publication regarding counts 2 and 3, and by substituted service on Elsberg regarding counts 1 and 2 and on Ortega regarding count 2.[2]  In Colorado, service by publication is authorized in actions affecting specific property if the requirements of Colo. R. Civ. P. 4(g) are satisfied.  Colo. R. Civ. P. 4(g), incorporated and made applicable to this action by Fed. R. Civ. P. 4(e)(1), requires that "[t]he party desiring service of process by mail or publication under this section (g) shall file a motion verified by the oath of such party . . . for an order of service by mail or publication. It shall state the facts authorizing such service, and shall show the efforts, if any, that have been made to obtain personal service and shall give the address, or last known address, of each person to be served or shall state that the address and last known address are unknown."

Plaintiff has submitted five declarations detailing the Government's efforts to locate and serve Defendants and providing the last known addresses for Defendants. *See Declaration of Lauren Castaldi* [#73]; *Declaration of Curtis C. Smith* [#74]; *Declaration of Patricia A. Medina* [#75]; *Declaration of Stephen J. Carlyle* [# 76]; *Declaration of Donald Honaker* [#77].[3]  After reviewing the declarations, the Court is satisfied that due diligence

---

[2] Plaintiff states that it will effect personal service on Sandra Elsberg within the time permitted by the Court.  *Motion* [#71] at 1 n. 1.

[3] On June 18, 2009, Revenue Officer Honaker visited the residence of the Elsberg's adult children.  Defendant Sandra Elsberg also lives there.  *Declaration* [#77] at ¶¶ 2-3.

has been used in attempting to obtain personal service on Defendants William Elsberg and Ortega, as required by Colo. R. Civ. P. 4(g).  Therefore, Plaintiff is permitted to attempt service of William Elsberg and Ortega by publication.

In determining where the service by publication should occur, the District Court Judge, relying on Colo. R. Civ. P. 98(a), found that the venue of this action is the county in which the property is situated.  *Transcript* [#70] at 7-8. In this case, the property is located in Ouray County and there has been no service by  newspaper published in that county.  *Id.* at 8.[4]  Therefore, this Court will order that service by publication be effected in the Ouray County Plaindealer, a newspaper published in Ouray County, once each week for five successive weeks.

Because count 1 of the complaint is a claim to reduce the federal tax assessments of the Elsberg Defendants to judgment, it is an *in personam* action. *Transcript* [#70] at 9.[5] Therefore, Defendants cannot be served by publication.  Colo. R. Civ. P. 4(g) ("service by ... publication shall be allowed only in actions affecting real property").  However, Plaintiff may pursue substituted service under Colo. R. Civ. P. 4(f).  That Rule provides that:

> In the event that a party attempting service of process by personal service under section (e) is unable to accomplish service, and service by publication or mail is not otherwise permitted under section (g), the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service. The motion shall state (1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the

---

[4] Colo. R. Civ. P. 4(g) allows a court to "order publication of the process in a newspaper published in the county in which the action is pending."

[5] Count 2 claims that Defendant Ortega is a fraudulent transferee of the real property at issue here.  To the extent that the Court may find that this claim is not an *in rem* action, the government seeks relief under Rule 4(f).  *Memorandum* [#72] at 11 n. 4.

party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected. If the court is satisfied that due diligence has been used to attempt personal service under section (e), that further attempts to obtain service under section (e) would be to no avail, and that the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall:

(1) authorize delivery to be made to the person deemed appropriate for service, and

(2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery. Service shall be complete on the date of delivery to the person deemed appropriate for service.

Colo. R. Civ. P. 4(f).

Based on the declarations submitted by Plaintiff, the Court is satisfied that the government has used due diligence in attempting personal service on Defendants William Elsberg and Tim Ortega and that further efforts to obtain personal service would be to no avail.   Accordingly, the only issue is determining which "process is appropriate under the circumstances, and reasonably calculated to give actual notice" to the party to be served. *Id.*

Plaintiff seeks to serve William Elsberg by personally serving a copy of the summons and complaint at the residence of his wife and two daughters.  Plaintiff argues that it is likely that the wife and daughters know Mr. Elsberg's whereabouts and contact information. *Memorandum* [#72] at 12-13.  The government also asserts that it is likely that the other family members will inform him of this action and the service of the summons and complaint.  *Id.*

The Court agrees and will authorize service on William Elsberg at 2311 Cobblefield, Mission Viejo, California 92692, the residence of the other family members. However, the

Court will not grant Plaintiff's request to serve Elsberg at Defendant Ortega's post office box.  Plaintiff argues that it is likely Ortega has a means of contacting Elsberg because Ortega has title to the property at issue here.  This connection is too tenuous and service at Ortega's post office box is unlikely to give Elsberg notice of this action.

As to service on Ortega, Plaintiff seeks substituted service by sending him a copy of the summons and complaint by certified mail at 2726 Shelter Island Dr., Apt. 283, San Diego, CA 92106.   This address is actually a mailbox company and box number 283 is in Ortega's name.  *Declaration* [#74] at ¶ 5; *Declaration* [#75] at ¶ 3.  The IRS has already mailed a copy of the summons and complaint by registered mail to that address and received a signed return receipt.  *Declaration* [#74] at ¶ 5. It is apparent that Ortega received these documents because he has subsequently filed pleadings in this case . [#53], [#54].  Defendant Ortega is plainly aware of this litigation. For these reasons, the Court finds that service at Ortega's post office box will satisfy due process.  *See Smith v. Toronto-Dominion Bank,* No. 98-4008, 1999 WL 38160, at *4 (10th Cir. Jan. 29, 1999 (finding substitute service at post office box reasonable).

### III. Conclusion

For the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED in part**.

IT IS HEREBY FURTHER **ORDERED** that Plaintiff is granted leave to serve Defendants William Elsberg and Tim Ortega by publication in the Ouray County Plaindealer, Ouray County, Colorado once each week for five successive weeks.  The notice for publication shall include the name of the court and the civil action number, the

names of the parties, the name, address and telephone number of the representative of Plaintiff from whom a copy of the complaint may be obtained, the time within which Defendants William Elsberg and Ortega are required to answer the complaint, which is 45 days after publication, and notice that failure to do so may result in the entry of judgment by default against the Defendants.

IT IS FURTHER **ORDERED** that Plaintiff is granted leave to serve by certified mail Defendant Ortega at the mailbox at 2726 Shelter Island Dr. Apt. 283, San Diego, California 92106 and to serve William Elsberg by personally serving Annaliese Elsberg, Leah Elsberg, or Sandra Elsberg at 2311 Cobblefield, Mission Viejo, California 92692.

Proof of all methods of service must be provided to the Court.

Dated:  July 22, 2009

BY THE COURT:

__s/ Kristen L.  Mix_____
Kristen L. Mix
United States Magistrate Judge