IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-CV-00552-MSK-KLM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WILLIAM ELSBERG,
SANDRA ELSBERG,
TIM ORTEGA, Trustee, San Juan Ventures,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **United States' Motion for Court to Direct Clerk to Enter Default** [Docket No. 116; Filed December 3, 2009] (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1.C, the matter has been referred to this Court for recommendation. The Court has reviewed the Motion, the entire case file and applicable law and is sufficiently advised in the premises. Accordingly, for the reasons set forth below, I RECOMMEND that the Motion be **DENIED**.

The United States of America (the "Plaintiff" or the "Government") commenced this action on March 18, 2008, to reduce to judgment certain tax liabilities assessed against Defendants and to foreclose federal tax liens against Defendants and against real property in which Defendants have an interest. *Complaint* [#1] at 1. The real property that is the subject of this action is located at 24 Mineral Farms Lane, Ouray, Colorado 81427 (the

1

"Ouray Property"). *Id.* at 2. The Government alleges that Defendants William and Sandra Elsberg (the "Elsberg Defendants") own the Ouray Property, while Defendant Tim Ortega, Trustee for San Juan Ventures, is a "mere nominee for William and Sandra Elsberg . . . ." *Id.* After unsuccessful efforts to serve Defendants, Plaintiff filed a Motion to Serve by Publication pursuant to Colo. R. Civ. P. 4(g). *Motion* [#9]. The Court granted the motion and granted Plaintiff leave to serve the Defendants by publication. *Order* [#11].

Pursuant to the Court's Order, Plaintiff served Defendants by publication in the *Rocky Mountain News* and *Denver Post* on June 12, 23, 30, July 7 and 14, 2008. *Affidavit* [#32-2]. Plaintiff also sent a copy of the summons and complaint to Defendants' last known addresses. *Declaration* [#37-2]. Defendants did not answer or otherwise plead to the complaint. The Clerk entered default against Defendants on November 7, 2008 [#45]. On November 12, 2008, the Government filed a motion for default judgment against all Defendants. *Motion* [#46]. This Court issued a Recommendation that judgment be entered against Defendants on March 19, 2009. *Recommendation* [#57]. The Court also recommended that the order of foreclosure on the property be denied without prejudice because the Government had not provided sufficient briefing or information for the Court to rule pursuant to 26 U.S.C. § 7403. *Id.* at 15.

On June 10, 2009, the District Court Judge denied Plaintiff's Motion for Default Judgment [#46], declined the Recommendation [#57], denied the Government's Renewed Motion for Default Judgment as to the Order of Foreclosure and Judicial Sale [#58], and set aside the entry of default against Defendants [#45]. *Transcript* [#70] at 8. The District Court Judge held that service on Defendants by publication was insufficient because there was no publication in Ouray County, Colorado, the situs of the real property at issue here.

*Id.* at 7-8. Plaintiff was granted one hundred extra days to effect service and permitted to request relief under Rule 4(f) and (g) of the Colorado Rules of Civil Procedure. *Id.* at 8. Following that Order, Plaintiff filed a motion requesting that Defendant Ortega be served by publication and by substituted service [#71].

Rule 4(e) of the Federal Rules of Civil Procedure applies to service of process upon individuals. That Rule states that an individual may be served pursuant to state law. Colorado law provides that when service of process by personal service cannot be accomplished, other means of service may be used by the serving party. *See* Colo. R. Civ. P. 4(f) and (g). For a substituted method of service to be valid, it must comport with due process by being calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 399 U.S. 306, 314 (1950).

In Colorado, service by publication is authorized in actions affecting specific property if the requirements of Colo. R. Civ. P. 4(g) are satisfied. Colo. R. Civ. P. 4(g), incorporated and made applicable to this action by Fed. R. Civ. P. 4(e)(1), requires that "[t]he party desiring service of process by mail or publication under this section (g) shall file a motion verified by the oath of such party . . . for an order of service by mail or publication. It shall state the facts authorizing such service, and shall show the efforts, if any, that have been made to obtain personal service and shall give the address, or last known address, of each person to be served or shall state that the address and last known address are unknown."

Plaintiff submitted five declarations detailing the Government's efforts to locate and serve Defendants and providing the last known addresses for Defendants. *See Declaration*

3

of Lauren Castaldi *[#73]*; *Declaration of Curtis C. Smith* [#74]; *Declaration of Patricia A. Medina* [#75]; *Declaration of Stephen J. Carlyle* [# 76]; *Declaration of Donald Honaker* [#77]. After reviewing the declarations, this Court was satisfied that due diligence had been used in attempting to obtain personal service on Ortega, as required by Colo. R. Civ. P. 4(g). Therefore, Plaintiff was permitted to attempt service of Ortega by publication.

In determining where the service by publication should occur, the District Court Judge, relying on Colo. R. Civ. P. 98(a), found that the venue of this action is the county in which the property is situated. *Transcript* [#70] at 7-8. In this case, the property is located in Ouray County and there had been no service by newspaper published in that county. *Id.* at 8. Therefore, on July 22, 2009, this Court ordered that service by publication be effected in the *Ouray County Plaindealer*, a newspaper published in Ouray County, once each week for five successive weeks.

Plaintiff also requested that it be allowed to pursue substituted service under Colo. R. Civ. P. 4(f). That Rule provides that:

> In the event that a party attempting service of process by personal service under section (e) is unable to accomplish service, and service by publication or mail is not otherwise permitted under section (g), the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service. The motion shall state (1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected. If the court is satisfied that due diligence has been used to attempt personal service under section (e), that further attempts to obtain service under section (e) would be to no avail, and that the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall:
> (1) authorize delivery to be made to the person deemed appropriate for service, and

4

(2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery. Service shall be complete on the date of delivery to the person deemed appropriate for service.

Colo. R. Civ. P. 4(f).

Based on the declarations submitted by Plaintiff, the Court was satisfied that the government has used due diligence in attempting personal service on Ortega and that further efforts to obtain personal service would be to no avail. Plaintiff sought substituted service by sending Ortega a copy of the summons and complaint by certified mail at 2726 Shelter Island Dr., Apt. 283, San Diego, CA 92106. This address is a mailbox company and box number 283 is in Ortega's name. *Declaration* [#74] at ¶ 5; *Declaration* [#75] at ¶ 3. The IRS had mailed a copy of the summons and complaint by registered mail to that address and received a signed return receipt. *Declaration* [#74] at ¶ 5. It is apparent that Ortega received these documents because he has subsequently filed pleadings in this case [#53], [#54]. As Ortega is plainly aware of this litigation, the Court found that service at Ortega's post office box satisfied due process.

From July 31, 2009 through August 28, 2009, Plaintiff served Ortega by publication in the *Ouray County Plaindealer* [#83]. On August 6, 2009, Plaintiff served Ortega by certified mail. Plaintiff subsequently filed proof of both forms of service [# 83, 84]. Ortega filed a document entitled "Formal Answer in the Instant Case" on September 21, 2009 [#87]. Plaintiff subsequently filed a request for entry of default against Tim Ortega, Trustee, San Juan Ventures [#105].[1] The Clerk of the Court denied entry of default on the ground

---

[1] The Clerk has previously entered default on each remaining Defendant, William Ellsberg and Sandra Ellsberg. [#92], [#102].

5

that Ortega had previously filed an Answer to the Complaint [#112]. Plaintiff asserts that the Clerk's action was in error because the document filed by Ortega on September 21, 2009 is not a proper Answer.

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," the Clerk must enter the party's default. The Rule does not limit the ability of the Court to consider a request for entry of default. Wright, Miller, & Kane, Federal Practice and Procedure (Civil 3d) § 2682 ("The fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so."); *see also Zero Down Supply Chain Solutions, Inc.*, No. 2:07-CV-00400, 2010 WL 430759, at *1 (D. Utah Feb. 5, 2010); *Pipe Wrap LLC v. P3 Industrial Technologies, Inc.*, No. H-08-0822, 2009 WL 2915921, at * 2 (S.D. Tex. Aug. 31, 2009).

Plaintiff asserts that Ortega's Answer is improper and invalid because he is a *pro se* trustee and is not a beneficiary of the trust. Motion [#116] at 2. A non-lawyer trustee cannot represent a trust in federal court unless the trustee is a beneficiary defending his own personal interest. *Marin v. Leslie*, 337 Fed. Appx. 217, 219-20 (3rd Cir. 2009); *Knoefler v. United Bank of Bismark*, 20 F.3d 347, 348 (8th Cir. 1994). Plaintiff asserts that Ortega is not a lawyer and is not a beneficiary of the trust at issue here. Pursuant to the above authority, Plaintiff argues that Ortega's Answer is invalid and he is accordingly subject to default.

There is no provision in Rule 55(a) stating or suggesting that a pleading filed by the alleged defaulting party must be legally sufficient in order to prevent entry of default.

6

Instead, to avoid default the only requirement is that the defaulting party "defend" the lawsuit. The purpose of Rule 55 is to protect a party "'when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest [it] be faced with interminable delay and continued uncertainty as to [its] rights.'" *K-Tec, Inc. v. Vita-Mix Corp.*, No. 2:06-CV-108-TC, 2010 WL 446974, at * 3 (D. Utah Feb. 2, 2010) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)). That is not the situation here; the litigation has not been halted, and Ortega has not been unresponsive. In addition to the Answer, Ortega has filed a number of other pleadings in the case. *See Docket* # 87, 103, 108, 114, 115.[2] Ortega has not failed to participate in this lawsuit and Plaintiff is not entitled to entry of default against him. Although Plaintiff's challenge to the validity of the Answer may be meritorious, Rule 55(a) is not an appropriate avenue for relief.[3] Accordingly,

I respectfully **RECOMMEND** that the Motion [#116] be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) days after service of this Recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ.

---

[2] A few of the filings sent to Ortega by the Clerk were returned as undeliverable. Ortega's recent filings indicate that he has a new address. Ortega is admonished that he must inform the Court of a change of his legal mailing address. *See* D.C.COLO.LCiv.R 10.1M. In addition, the Court notes that Ortega has filed two "notices" of resignation as trustee [#108 and #115]. Such notices, standing alone, have no bearing on his status as a party to this litigation. Generally, parties are dismissed from litigation only by settlement, order of dismissal, and/or adjudication on the merits.

[3] In a footnote, Plaintiff briefly mentions Fed. R. Civ. P. 12(f) and that the Court may strike the Answer. If Plaintiff seeks to strike the answer, it must file a separate motion. *See* D.C.COLO.LCivR 7.1C.

P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: April 8, 2010

BY THE COURT:

    __s/ Kristen L. Mix_____
    Kristen L. Mix
    United States Magistrate Judge