IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00552-MSK-KLM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WILLIAM ELSBERG,
SANDRA ELSBERG,
TIM ORTEGA, Trustee, San Juan Ventures,

    Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **United States' Motion for Default Judgment as to First Claim for Relief** [Docket No. 122; Filed April 30, 2010] (the "Motion").[1] Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.LCivR 72.1.C., the matter has been referred to this Court for recommendation. The Court has reviewed the Motion, the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, for the reasons set forth below, the Court **RECOMMENDS** that the Motion be **GRANTED**.

## I.     Background

This action was brought by the United States of America to reduce to judgment federal tax assessments against Defendants William and Sandra Elsberg (the "Elsberg

---

[1] Plaintiff has moved to voluntarily dismiss the second and third claims for relief. [#124]. A decision has not been issued on that motion.

Defendants") (Claim One), to determine that Tim Ortega,[2] Trustee, San Juan Ventures holds title to the real property located at 24 Mineral Farms Lane, Ouray, Colorado 81427 (the "Ouray Property") as a nominee/fraudulent transferee of the Elsberg Defendants (Claim Two), and to foreclose related tax liens securing the Elsbergs' tax liabilities on the Ouray Property (Claim Three). Claim One is an *in personam* action and Claims Two and Three are claims involving real property.

The Elsberg Defendants acquired title to the Ouray Property via warranty deed from Michael and Agnes Osterhill dated June 15, 1985, and recorded in the Ouray County Recorder's Office on June 17, 1985. *Complaint* [#1] at ¶ 9. On April 17, 1996, a quit claim deed was signed, publicly notarized, and filed with the Ouray County Recorder purporting to transfer the Ouray Property to Tim Ortega, Trustee for San Juan Ventures, without any consideration. *Id* at ¶ 17. That same day, a "Bill of Conveyance" was recorded in the Office of the Clerk and Recorder for Ouray County, Colorado, purporting to convey the Ouray Property to Tim Ortega, Trustee for San Juan Ventures. *Id.*

Between May 1, 2000 and November 27, 2006, a delegate of the Secretary of the Treasury made assessments against both Elsberg Defendants for unpaid federal income taxes, penalties, interest and other statutory additions for the tax periods 1995 through 1997. *Id.* at ¶ 26. Despite timely notice and demand for payment pursuant to 26 U.S.C. § 6303, the Elsberg Defendants have neglected or refused to pay the assessments against them. *Id.* at ¶ 27. As of May 1, 2010, the amount due from the Elsbergs based on those assessments was $787,602.40 plus interest and penalties accrued thereafter as provided

---

[2] All claims against Ortega have been dismissed [#134].

by law.  *Routledge Decl.* [#122-5] at ¶ 7.

On May 23, 2006, a delegate of the Secretary of the Treasury recorded, in Ouray County, a Notice of Federal Tax Lien with respect to assessments against William and Sandra Elsberg for income taxes for the 1995, 1996, and 1997 tax periods. *Id.* at ¶ 20. On December 13, 2006, a delegate of the Secretary of the Treasury recorded, in Ouray County, a Notice of Federal Tax Lien against San Juan Ventures, Tim Ortega Trustee as the nominee of William and Sandra Elsberg, with respect to income tax assessments against the Elsberg Defendants for the 1995, 1996, and 1997 tax periods. *Id.* at ¶ 21.  On September 5, 2007, a delegate of the Secretary of the Treasury recorded, in Ouray County, an amended Notice of Federal Tax Lien against San Juan Ventures, Tim Ortega Trustee as the nominee of William and Sandra Elsberg, with respect to income tax assessments against the Elsberg Defendants for the 1995, 1996, and 1997 tax periods. *Id.* at ¶ 23.  On November 5, 2007, a delegate of the Secretary of the Treasury recorded, in Ouray County, an amended Notice of Federal Tax Lien against San Juan Ventures, Tim Ortega Trustee as the nominee of William and Sandra Elsberg, with respect to income tax assessments against the Elsberg Defendants for the 1995, 1996, and 1997 tax periods. *Id.* at ¶ 24.

## II.     Analysis

Pursuant to Fed. R. Civ. 55, default may enter against a party who fails to appear or otherwise defend the case brought against him or her.  However, even after entry of default, it is for the Court to decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment." *See Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445, 2008 WL 793606, at *1 (D. Colo. Mar. 22, 2008) (unpublished decision) (citations omitted).  "[A] party is not entitled to a default judgment as of right; rather the entry of a

default judgment is entrusted to the 'sound judicial discretion' of the court." *Id.* at \*2 (quoting *Cablevision of S. Conn., Ltd. P'ship v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)).

**A. Jurisdiction**

In determining whether entry of judgment is warranted, the court must first consider whether the Court has personal and subject matter jurisdiction in the case. *Dennis Garberg & Assoc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997)*; Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986). The subject matter jurisdiction in this case is based on federal statutes 28 U.S.C. §§ 1331, 1340, and 1345, and pursuant to the Internal Revenue Code, 28 U.S.C. §§ 7401, 7402 and 7403. Thus, the Court has subject matter jurisdiction.

As for personal jurisdiction, the Court must address the adequacy of service of process on the Elsberg Defendants. *Brill Gloria v. Sunlawn, Inc.*, No. 08-cv-00211, 2008 WL 5651458, at \*2 (D. Colo. Aug. 5, 2008) (unpublished decision). Service of the Elsberg Defendants has not been a straightforward process. Initially, after unsuccessful efforts to serve Defendants, Plaintiff filed a Motion to Serve by Publication pursuant to Colo. R. Civ. P. 4(g). *Motion* [#9]. The Court granted the motion and granted Plaintiff leave to serve all Defendants by publication. *Order* [#11].

Pursuant to the Court's Order, Plaintiff served all Defendants by publication in the *Rocky Mountain News* and *Denver Post* on June 12, 23, 30, July 7 and 14, 2008. *Affidavit* [#32-2]. Plaintiff also sent a copy of the summons and complaint to Defendants' last known addresses. *Decl. of Lauren M. Castaldi* [#37-2]. Defendants did not answer or otherwise plead to the complaint. The Clerk entered default against all Defendants on November 7,

2008. *Entry of Default* [#45]. On November 12, 2008, the Government filed a motion for default judgment against all Defendants. *Motion* [#46]. This Court issued a Recommendation that judgment be entered against all Defendants on March 19, 2009. *Recommendation* [#57]. The Court also recommended that the order of foreclosure on the property be denied without prejudice because the Government had not provided sufficient briefing or information for the Court to rule pursuant to 26 U.S.C. § 7403. *Id.* at 15.

On June 10, 2009, upon review, the District Court Judge denied Plaintiff's Motion for Default Judgment [#46], declined the Recommendation [#57], denied the Government's Renewed Motion for Default Judgment as to the Order of Foreclosure and Judicial Sale [#58], and set aside the entry of default against Defendants [#45]. *Transcript* [#70] at 8. The District Court Judge held that service on Defendants by publication was insufficient because there was no publication in Ouray County, Colorado, the situs of the real property at issue here. *Id.* at 7-8. Plaintiff was granted one hundred extra days to effect service and permitted to request relief under Rule 4(f) and (g) of the Colorado Rules of Civil Procedure within ten days. *Id.* at 8. Following that Order, Plaintiff filed a motion requesting that Defendants William Elsberg and Ortega be served by publication and by substituted service [#71].

Rule 4(e) of the Federal Rules of Civil Procedure applies to service of process upon individuals. That Rule states that an individual may be served pursuant to state law. Colorado law provides that when service of process by personal service cannot be accomplished, other means of service may be used by the serving party. *See* Colo. R. Civ. P. 4(f) and (g). For a substituted method of service to be valid, it must comport with due process by being calculated "to apprise interested parties of the pendency of the action and

5

afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 399 U.S. 306, 314 (1950).

Plaintiff requested that Defendants William Elsberg and Ortega be served by publication regarding Claims Two and Three, by substituted service on Elsberg regarding Claims One and Two and by service on Ortega regarding Claim Two.[3] In Colorado, service by publication is authorized in actions affecting specific property if the requirements of Colo. R. Civ. P. 4(g) are satisfied. Colo. R. Civ. P. 4(g), incorporated and made applicable to this action by Fed. R. Civ. P. 4(e)(1), requires that "[t]he party desiring service of process by mail or publication under this section (g) shall file a motion verified by the oath of such party . . . for an order of service by mail or publication. It shall state the facts authorizing such service, and shall show the efforts, if any, that have been made to obtain personal service and shall give the address, or last known address, of each person to be served or shall state that the address and last known address are unknown."

Because Claim One of the complaint is a claim to reduce the federal tax assessments against the Elsberg Defendants to judgment, it is an *in personam* claim. *Transcript* [#70] at 9. Therefore, Defendants could not be served by publication. Colo. R. Civ. P. 4(g) ("service by . . . publication shall be allowed only in actions affecting real property"). However, Plaintiff may pursue substituted service under Colo. R. Civ. P. 4(f). That Rule provides that:

> In the event that a party attempting service of process by personal service under section (e) is unable to accomplish service, and service by publication or mail is not otherwise permitted under section (g), the party

---

[3] Plaintiff has submitted an affidavit of personal service on Sandra Elsberg within the time permitted by the Court. [# 89].

6

> may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service. The motion shall state (1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected. If the court is satisfied that due diligence has been used to attempt personal service under section (e), that further attempts to obtain service under section (e) would be to no avail, and that the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall:
>     (1) authorize delivery to be made to the person deemed appropriate for service, and
>     (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery. Service shall be complete on the date of delivery to the person deemed appropriate for service.

Colo. R. Civ. P. 4(f).

Based on the declarations submitted by Plaintiff, the Court is satisfied that the government has used due diligence in attempting personal service on Defendant William Elsberg and that further efforts to obtain personal service would be to no avail. Accordingly, the only issue is determining which "process is appropriate under the circumstances, and reasonably calculated to give actual notice" to the party to be served. *Id.*

Plaintiff sought to serve William Elsberg by personally serving a copy of the summons and complaint at the residence of his wife and two daughters. Plaintiff argued that it was likely that the wife and daughters know Mr. Elsberg's whereabouts and contact information. *Memorandum* [#72] at 12-13. The government also asserted that it was likely that the other family members would inform him of this action and the service of the summons and complaint. *Id.* The Court agreed and authorized service on William Elsberg

7

at 2311 Cobblefield, Mission Viejo, California 92692, the residence of the other family members. On August 4, 2009, William Ellsberg was served via certified mail at 2311 Cobblefield, Mission Viejo, California. *Decl. of Curtis C. Smith* [#83] at ¶¶ 3, 4, 5. From July 31, 2009 to August 28, 2009, William Elsberg was also served by publication. Sandra Ellsberg was personally served on August 29, 2010 [#89]. Because the Elsbergs have been properly served, Plaintiff has demonstrated this Court has personal jurisdiction over the claims against the Elsbergs.

Neither William nor Sandra Ellsberg has filed an answer or otherwise pled to the complaint. Consequently, the Clerk has issued an *Entry of Default* [#92], [#102] for each Defendant. Plaintiff then filed the present Motion.

## B. Default Judgment

Having found jurisdiction over this matter, the Court next determines whether Plaintiff is entitled to relief. Where the complaint states an adequate legal basis for relief against a party in default, default judgment is appropriate. *Greenwich Ins. Co.*, 2008 WL 793606, at *2 (citing *Weft, Inc. v. G.C. Inv. Assocs.*, 630 F. Supp. 1138, 1143 (E.D.N.C. 1986)). Upon review of a motion for default judgment after entry of default, Plaintiff enjoys the benefit of deferential pleading interpretation. As such, the Court deems the well-pleaded facts of the complaint as true. *Deery Am. Corp. v. Artco Equip. Sales, Inc.*, No. 06-cv-01684, 2007 WL 437762, at *3 (D. Colo. Feb. 6, 2007) (unpublished decision) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). The Court also accepts as undisputed any facts set forth by Plaintiff in affidavits and exhibits. *Deery Am. Corp.*, 2007 WL 437762, at *3.

Plaintiff has presented evidence to support its request that the Court reduce the tax

assessments against Defendants to judgment.  Specifically, Plaintiff has filed Certificates of Assessments and Payments (Forms 4340) that reflect the tax assessments made against the Elsberg Defendants.  *See Routledge Decl.* [#122-5] at Ex. 1-3.  Certificates of Assessments and Payments (Forms 4340) are "routinely used to prove that tax assessment[s] ha[ve] in fact been made," *Geiselman v. United States*, 961 F.2d 1, 6 (1st Cir. 1992) (internal quotations and citation omitted), and are presumptive proof that an assessment was made in accordance with 26 U.S.C. § 6203 and relevant Treasury Regulations.  *See id.*; *Long v. United States*, 972 F.2d 1174, 1181 (10th Cir. 1992).

The Certificates of Assessments and Payments (Forms 4340) submitted by Plaintiff in this case establish the following with respect to the Elsberg Defendants' tax liabilities: (1) that they were properly assessed, *see* 26 U.S.C. §§ 6201-6203; (2) that notices and demand for payment of the liabilities were properly sent, *see* 26 U.S.C. §§ 6203(a) and 6321; and (3) that the Elsberg Defendants are presumptively liable for the unpaid taxes, penalties, and interest shown on the respective certificates.  *See Huff v. United States*, 10 F.3d 1440, 1445-47 (9th Cir. 1993); *Long*, 972 F.2d at 1181; *United States v. Lorson Elec. Co., Inc.*, 480 F.2d 554, 555 (2nd Cir. 1973); *United States v. Strebler*, 313 F.2d 402, 404 (8th Cir. 1963); *United States v. Stonier*, No. 88 N 993, 1994 WL 395644, at *3 (D. Colo. Feb. 28, 1994) (unpublished decision).  As there is nothing in the record to rebut these presumptions, Plaintiff has demonstrated a legal and factual basis for the entry of default judgment.

In addition to finding that Plaintiff has established a basis for relief, default judgment cannot be entered until the amount of damages has been ascertained.  *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984).  Actual proof must support any default

judgment for money damages where there is an uncertainty as to the amount.  *Klapprott v. United States*, 335 U.S. 601, 611-12 (1949).

The Certificates of Assessments and Payments (Forms 4340) submitted by the government establish that judgment should be entered against William and Sandra Elsberg, jointly and severally, in the amount of $787,602.40. *See* 26 U.S.C. § 6013.  Plaintiff has provided the Court with sufficient undisputed proof of the damages amount. Therefore, the Court recommends that judgment be entered in favor of Plaintiff reducing these tax assessments to judgment for the amounts specified above.[4]

### III. Conclusion

For the reasons stated above,

IT IS HEREBY **RECOMMENDED** that the Motion be **GRANTED** and that judgment be entered on Claim One in favor of Plaintiff and against William and Sandra Ellsberg, jointly and severally, in the amount of $787,602.40.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1996).  A party's

---

[4] Plaintiff has submitted a declaration stating that the Elsberg Defendants are not incompetent or infants, *see* Fed. R. Civ. P. 55(b), and are not in the military within the purview of the Servicemembers Civil Relief Act, 50 App. U.S.C. § 501, which protects servicemembers against default judgments. *Smith Decl.* at ¶¶ 2, 3.

objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: August 17, 2010

BY THE COURT:

__s/ Kristen L. Mix_____
Kristen L. Mix
United States Magistrate Judge